

## GROSSMAN LLP
### Attorneys at Law

745 Fifth Avenue, 5th Floor
New York, New York 10151
Phone: 646.770.7445
Fax: 646.417.7997
www.grossmanllp.com

May 18, 2017

**VIA ECF & ELECTRONIC MAIL**

Hon. Richard J. Sullivan
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2104
New York, New York  10007
sullivannysdchambers@nysd.uscourts.gov

      Re:   *Elyse Slaine v. Matthew A. Drapkin, et al.*, (S.D.N.Y. Case No. 17-cv-1472)
             **Request to Restore Action**

Dear Judge Sullivan:

      We represent Plaintiff Elyse Slaine and we write under the Court's May 11, 2017, Order (Docket No. 13) to respectfully request that the Court restore this case.

      Plaintiff commenced this breach-of-contract action on February 12, 2017, alleging that the Estate of Donald Drapkin failed to transfer its interest in shares of a cooperative apartment (the "Co-op") into Plaintiff's sole name, as required under an April 15, 2013, Nominee and Indemnity Agreement (the "Nominee Agreement").  Under the Nominee Agreement, Drapkin unconditionally transferred, granted, conveyed, and assigned his interest in the Co-op shares to "Donald Guy Drapkin as Nominee for Elyse Ann Slaine."  Although the Nominee Agreement provides Plaintiff with absolute discretion to require Drapkin at any time to transfer his interest in the shares into Slaine's sole name, following Drapkin's death, Defendants refused Plaintiff's repeated demands to effectuate the transfer of Drapkin's interests, necessitating this action.

      On April 12, the parties wrote to the Court seeking to adjourn the initial pre-trial conference because they had reached a settlement in principle requiring Defendants, among other things, to effectuate the transfer of the Co-op shares.  (Docket No. 10.)  That same day, the Court entered the Order ordering that "this case is dismissed with prejudice and without costs," and providing that "within thirty days of the date of this Order, any party may send a letter requesting to restore this action with an explanation for the request." (Docket No. 11.)  The Court subsequently granted a brief adjournment to provide sufficient additional time to permit the parties to try to effectuate the settlement terms.  (Docket No. 13.)

Hon. Richard J. Sullivan                                                                                                        Page 2
May 18, 2017

      Under the settlement, Plaintiff agreed to discontinue this action only after Defendants furnished specific documents and information necessary to effectuate the transfer of the Co-op shares, which were to have been provided contemporaneously with the execution of the settlement agreement.  To date, however, Defendants have not provided those documents, nor have they provided a date certain by which they will do so.  For these reasons, although Plaintiff remains hopeful that Defendants will comply with the settlement terms, out of an abundance of caution, Plaintiff respectfully requests that the Court restore this action.

                                                            Respectfully submitted,

                                                            Judd B. Grossman

cc:      Thomas Hone, Esq., counsel for Defendants (via ECF and electronic mail)